IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

JED STEWART LINEBERRY                    §

VS.                                      §          CIVIL ACTION NO. 5:09-CV-177

KEITH ROY, WARDEN                        §


### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Jed Stewart Lineberry, an inmate confined at FCI Texarkana, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends this petition be denied on the merits.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds petitioner's objections lacking in merit. As the magistrate judge correctly concluded, petitioner's punishment consisted of nothing more than the loss of 60 days visitation privileges and a transfer suspension pending 180 days of clear conduct. Petitioner did not lose any previously earned good conduct time credits and, as such, the punishment imposed did not implicate a protected liberty interest. *See Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) (noting that when a prisoner has a liberty interest in good time credit, the *revocation* of such credit must comply with minimal procedural

requirements). Furthermore, placement in administrative segregation is not enough to trigger the protection of the Constitution. *See Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995).

In addition, petitioner's claim of retaliation is wholly conclusory and without merit. "To state a valid claim for retaliation a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Petitioner's personal belief that he was the victim of retaliation is not sufficient to support his claim of retaliation. *Id.* at 325. Further, mere conclusory allegations of retaliation are insufficient to support a claim of retaliation. *Id.* "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Petitioner is required to "produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id*. Mere speculation of malicious intent is insufficient to support a claim of retaliation. *Al-Ra'id v. Ingle*, 69 F.3d 28 (5th Cir. 1995). Petitioner must allege a violation of a constitutional right and demonstrate a retaliatory motive." *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Trial courts are required to carefully scrutinize retaliation claims "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." *Wood*s, 60 F.3d at 1166. As such, petitioner's claim for retaliation should be denied.

In addition, as to petitioner's equal protection claim, petitioner must demonstrate that he has been "intentionally discriminated against . . . because of membership in a protected class," or "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Nance v. New Orleans & Baton Rouge Steamship Pilots' Ass'n*, 174 Fed. Appx. 849, 854 (5th Cir. April 10, 2006) (citations omitted). Alternatively, petitioner may show that a government policy or procedure was selectively forced

against him, by showing that "the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Id*. (citation omitted). Petitioner has failed to make such a showing of purposeful or intentional discrimination, offering nothing more than conclusory and unsubstantiated allegations. *See Muhammad v. Lynaugh,* 966 F.2d 901, 903 (5th Cir. 1992); *see also McKnight v. Eason*, 227 Fed. Appx.356, 356 (5th Cir. 2007) (holding that plaintiff's conclusory allegations of racial discrimination at prison were insufficient to state a cognizable equal protection claim) (not selected for publication). Accordingly, this claim should be denied.

Finally, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

<u>ORDER</u>

Accordingly, the objections of petitioner and respondent are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. A certificate of appealability will not be issued.

**SIGNED this 7th day of March, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE